1

2

3

4

5

6          IN THE UNITED STATES DISTRICT COURT FOR THE

7                EASTERN DISTRICT OF CALIFORNIA

8

9  WAYNE NEWSON,                    )    No. CV-F-09-663 OWW/GSA
                                    )
10                                  )    MEMORANDUM DECISION GRANTING
                                    )    DEFENDANT'S MOTION TO
11              Plaintiff,          )    DISMISS CERTAIN CAUSES OF
                                    )    ACTION IN PLAINTIFF'S FIFTH
12         vs.                      )    AMENDED COMPLAINT (Doc. 7)
                                    )    AND DIRECTING PLAINTIFF TO
13                                  )    FILE SIXTH AMENDED COMPLAINT
   WAL-MART STORES, INC.,           )
14                                  )
                                    )
15              Defendant.          )
                                    )
16 _____ )

17        On April 28, 2008, Plaintiff Wayne Newson, proceeding *in pro*

18 *per*, filed a Complaint against Defendant Wal-Mart Stores, Inc. in

19 the Merced County Superior Court.  On March 9, 2009, pursuant to

20 state court order, Plaintiff filed a Fifth Amended Complaint

21 (FAC).  Defendant removed the action to this Court on April 11,

22 2009, on the ground of diversity of citizenship.  Although the

23 FAC alleges that Plaintiff is a resident of Merced, California

24 and that Defendant "is a California Corporation", the Notice of

25 Removal asserts that Defendant was and is a corporation

26 incorporated under the laws of the State of Delaware and has its

                              1

1   principal place of business in the State of Arkansas.   The Notice

2   of Removal asserts that Plaintiff seeks to recover more than the

3   jurisdictional amount of $75,000 because the FAC alleges that

4   Plaintiff "lost income, employment, career opportunities and has

5   suffered other economic and personal losses that exceed $50,000"

6   and that Plaintiff "as suffered great anxiety, anger, and loss of

7   enjoyment of life and sever [sic] emotional distress in an amount

8   that exceeds $50,000."

9        Pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure,

10   Defendant moves to dismiss the Third Cause of Action for

11   "Wrongful Termination in Violation of Public Policy, the Fourth

12   Cause of Action for "Violation of Ca. Civil Code 1714(a), the

13   Sixth Cause of Action for "Violation of Civil Code Section 1621,"

14   the Seventh Cause of Action for "Termination of Employment for

15   Lawful Conduct during Non-working Hours," the Eighth Cause of

16   Action for "Violation of Labor Code Section 96(k)," and the Ninth

17   Cause of Action for "Breach of Implied Covenant of Good Faith and

18   Fair Dealing."   Defendant also moves to strike the Sixth Cause of

19   Action as redundant to the Fifth Cause of Action for Breach of

20   Implied Contract.   Alternatively, Defendant moves for a more

21   definite statement with regard to these causes of action.

22        Plaintiff did not file a written opposition to the motion to

23   dismiss as required by Rule 78-230(b), Local Rules of Practice.

24   Plaintiff appeared at oral argument, stating that his economic

25   situation prevented him from filing a timely opposition.

26   Plaintiff is advised that Rule 83-183(a), Local Rules of

1  Practice, provides:

2          Any individual representing himself ...
   without an attorney is bound by the Federal
3          Rules of Civil ... Procedure and by these
   Local Rules.  All obligations placed on
4          'counsel' by these Local Rules apply to
   individuals appearing in propria persona.
5          Failure to comply therewith may be ground for
   dismissal ... or any other sanction
6          appropriate under these Rules.

7      Because Plaintiff is granted leave to file a Sixth Amended

8  Complaint, *see discussion infra*, Plaintiff is advised that  Rule

9  8(a)(2), Federal Rules of Civil Procedure, requires that a

10 pleading set forth a short and plain statement of the claim

11 showing that the pleader is entitled to relief.  Under Rule

12 8(a)(2), a pleading must give fair notice and state the elements

13 of the claim plainly and succinctly.  *Jones v. Community*

14 *Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984).   A

15 complaint that is verbose, conclusory and confusing does not

16 comply with Rule 8(a)(2).  *Nevijel v. North Coast Life Ins. Co.*,

17 651 F.2d 671, 674 (9th Cir. 1981).  Plaintiff must allege only

18 those *facts* which are necessary to allege the required elements

19 of the claims for relief he is alleging against the Defendant;

20 narrative, background non-essential evidentiary allegations or

21 citations to or quotations from statutes or cases are not

22 authorized.  Claims dismissed without leave to amend cannot be

23 reasserted in the Sixth Amended Complaint.

24     A.   GOVERNING STANDARDS.

25     A motion to dismiss under Rule 12(b)(6) tests the

26 sufficiency of the complaint.  *Novarro v. Black*, 250 F.3d 729,

732 (9th Cir.2001). Dismissal of a claim under Rule 12(b)(6) is appropriate only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court must construe a *pro se* plaintiff's pleadings liberally in determining whether a claim has been stated. *Ortez v. Washington County, State of Or.*, 88 F.3d 804, 807 (9th Cir. 1996); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory or where the complaint presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir.1984). In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir.2002). However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir.2003). "A district court should grant a motion to dismiss if plaintiffs have not pled 'enough facts to state a claim to relief that is plausible on its face.'" *Williams ex rel. Tabiu v. Gerber Products Co.,* 523 F.3d 934, 938 (9th Cir.2008), quoting *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 570 (2007). "'Factual allegations must be enough to raise a right to relief above the speculative level.'" *Id.*

4

1   "While a complaint attacked by a Rule 12(b)(6) motion to dismiss

2   does not need detailed factual allegations, a plaintiff's

3   obligation to provide the 'grounds' of his 'entitlement to

4   relief' requires more than labels and conclusions, and a

5   formulaic recitation of the elements of a cause of action will

6   not do." *Bell Atlantic*, *id.* at 555.  A claim has facial

7   plausibility when the plaintiff pleads factual content that

8   allows the court to draw the reasonable inference that the

9   defendant is liable for the misconduct alleged.  *Id.* at 556.  The

10  plausibility standard is not akin to a "probability requirement,'

11  but it asks for more than a sheer possibility that a defendant

12  has acted unlawfully, *Id.*  Where a complaint pleads facts that

13  are "merely consistent with" a defendant's liability, it "stops

14  short of the line between possibility and plausibility of

15  'entitlement to relief.'" *Id.* at 557.  In *Ashcroft v. Iqbal*, ___

16  U.S. ___, 129 S.Ct. 1937 (2009), the Supreme Court explained:

> Two working principles underlie our decision
> in *Twombley.*  First, the tenet that a court
> must accept as true all of the allegations
> contained in a complaint is inapplicable to
> legal conclusions.  Threadbare recitations fo
> the elements of a cause of action, supported
> by mere conclusory statements, do not suffice
> ... Rule 8 marks a notable and generous
> departure from the hyper-technical, code-
> pleading regime of a prior era, but it does
> not unlock the doors of discovery for a
> plaintiff armed with nothing more than
> conclusions.  Second, only a complaint that
> states a plausible claim for relief survives
> a motion to dismiss ... Determining whether a
> complaint states a plausible claim for relief
> will ... be a context-specific task that
> requires the reviewing court to draw on its
> judicial experience and common sense ... But

1
2
3

> where the well-pleaded facts do not permit
> the court to infer more than the mere
> possibility of misconduct, the complaint has
> alleged - but it has not 'show[n]' - 'that
> the pleader is entitled to relief.' ....

4
5
6
7
8
9

> In keeping with these principles, a court
> considering a motion to dismiss can choose to
> begin by identifying pleadings that, because
> they are no more than conclusions, are not
> entitled to the assumption of truth.  While
> legal conclusions can provide the framework
> of a complaint, they must be supported by
> factual allegations.  When there are well-
> pleaded factual allegations, a court should
> assume their veracity and then determine
> whether they plausibly give rise to an
> entitlement to relief.

10
11
12
13
14
15
16
17
18
19

Immunities and other affirmative defenses may be upheld on a motion to dismiss only when they are established on the face of the complaint.  *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir.1999); *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980)  When ruling on a motion to dismiss, the court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the court takes judicial notice.  *Parrino v. FHP, Inc*, 146 F.3d 699, 705-706 (9th Cir.1988).

20
21

B.  <u>ALLEGATIONS OF FAC</u>.

22

The FAC alleges the following "Statement of Facts:"

23
24
25
26

> Plaintiff began employment with Defendant on
> September 13, 1993 as a floor Maintenance
> personnel, in the City of Merced ...
> Plaintiff's employment continued with
> employer for a total of 14 years.  On July
> 18, 2006, Plaintiff was arrested for an
> alleged violation of parole.  Plaintiff
> arranged contact with Defendant to inform

Defendant of his [then] present circumstances. Defendant asked Plaintiff to '*keep him informed*.' Plaintiff did keep Defendant informed, with repeated phone calls. Defendant was well aware of Plaintiff's circumstances. Plaintiff states that he was still an employee of Defendant [when] on 1/17/07, Plaintiff contacted Defendant and spoke at length about setting up an *Open Door Session* See [Ex. (A).]. *The Open Door Session* was need, to explain the circumstances of Plaintiff's arrest and detention, before Plaintiff could resume working. Defendant told Plaintiff that there were no areas available for Plaintiff to work and that Plaintiff had been terminated. Plaintiff then placed another call several days later and asked Defendant, what was Plaintiff being terminated for! Defendant responded by stating that Plaintiff was being terminated for a three day no•call/no•show. Plaintiff denied the accusations and then specifically asked what (3) days were responsible for Plaintiff's alleged absenteeism. Plaintiff also asked for documents supporting such an allegation. Defendant then angrily stated: '*I have given out all of the paperwork on this, that I'm going to give on this.*' Plaintiff again requested an *Open Door Session* (per Defendant Corporate personnel policy) with Defendant. Defendant refused to grant Plaintiff's request. Plaintiff then reminded Defendant that <u>any</u> associate is guaranteed an *Open Door* session upon request and that it was <u>required procedure</u>, in the case of an *arrested associate*. Defendant's response was '*I know of no such policy.*' Defendant then proceeded to hang up. Several days later Plaintiff received mail from Defendant's Corp., representing Plaintiff's Notice of Separation from Employment. Plaintiff in the meantime, sought relief by contacting three different levels of upper management operatives. Plaintiff received no difference in attitude from Defendant's initial position concerning Plaintiff's requests. Plaintiff states that Defendant's denial of Plaintiff's request for an *Open Door Session* was contrary to Defendant's long standing policy of initiating such a request. Disciplinary

7

1             actions for non-compliance of this policy are
            stated as follows:

2

3                     ***Any suppression* of, or retaliation**
                    ***for using the Open Door Policy by a***

4                     ***Supervisory Associate may result in***
                    ***disciplinary action, up to and***

5                     ***including termination.***

6             Throughout Plaintiff's employment, Plaintiff
            performed his job in a capable and competent

7             manner.  Plaintiff was regularly rewarded
            merit salary increases, advancements,

8             promotions and bonuses.

9 Exhibit A to the FAC is captioned "Wal*Mart Stores Inc. Open Door

10 Policy" and states:

11             Our Open Door Policy, says that if you have
            an ideal [sic] or problem, you should go to

12             your Supervisor to talk about it without fear
            of retaliation.  Faster resolution may occur

13             when the associate goes through the immediate
            supervisor first.  However, if the associate

14             feels that the Supervisor, is the source of
            the problem, or if the problem has not been

15             addressed satisfactorily, the associate may
            go to any level of management in the company.

16             Remember, while the Open Door promises that
            you will be heard, it cannot promise you that

17             your opinion will always prevail.  Any
            suppression of, or retaliation for using the

18             Open Door Policy by a Supervisory Associate
            may result in disciplinary action, up to and

19             including termination.

20       C.  **THIRD CAUSE OF ACTION FOR WRONGFUL TERMINATION IN**

21 **VIOLATION OF PUBLIC POLICY**.

22       The Third Cause of Action alleges that Plaintiff "was not

23 afforded the accommodations enacted under Defendant Corp.'s long

24 term ***Open Door Policy*** and ***The Arrested Associates Policy"*** and

25 that Defendant did not employ these corporate policies before

26 Plaintiff's termination.  Plaintiff alleges that "[i]n

terminating Plaintiff, Defendant violated the fundamental, substantial, and well-established public policy embedded in *Civil Code Section 1714(a)* ...."

California Civil Code § 1714(a) provides:

> Everyone is responsible, not only for the result of his or her willful acts, but also for an injury occasioned to another by his or her want of ordinary care or skill in the management of his or her property or person, except so far as the latter has, willfully or by want of ordinary care, brought the injury upon himself or herself ....

As explained in *Kinner v. World Savings & Loan Assn.*, 57 Cal.App.3d 724, 729 (1976):

> '"It has never been defined by the courts, but has been left loose and free of definition in the same manner as fraud."  By "public policy" is intended that the principle of law which holds that no citizen can lawfully do that which has a tendency to be injurious to the public or against the public good .... Public policy means ... anything which tends to undermine that sense of security for individual rights, whether or personal liberty or private property, which any citizen ought to feel is against public policy ...."'

"[F]or a policy to support a wrongful discharge claim, it must be: (1) delineated in either constitutional or statutory provisions; (2) 'public' in the sense that it 'inures to the benefit of the public' rather than serving merely the interests of the individual; (3) well established at the time of the discharge; and (4) substantial and fundamental."  *Stevenson v. Superior Court*, 16 Cal.4th 880, 894 (1997).  As explained in *Gould v. Maryland Sound Industries, Inc.*, 31 Cal.App.4th 1137,

1147 (1995):

> A policy is 'fundamental' when it is
> 'carefully tethered' to a policy 'delineated
> in constitutional or statutory provisions'
> .., involves a duty affecting the public at
> large, rather than one owed to or imposed
> solely upon the parties to a dispute ..., and
> is 'well established' and 'sufficiently
> clear' to the employer at the time of the
> discharge ... Wrongful termination cases
> typically arise when an employer retaliates
> against an employee for refusing to violate a
> statute, performing a statutory obligation,
> exercising a statutory right, or reporting an
> alleged violation of a statute of public
> importance ... However ..., an action for
> tortious discharge is not strictly limited to
> these situations but will lie 'whenever the
> basis of the discharge contravenes a
> fundamental public policy.'

Plaintiff alleges that his termination was wrongful because Defendant did not follow its internal corporate policies regarding open door sessions and arrested associates before terminating him.   Plaintiff relies on a statute that defines liability for negligence.   There is no public policy involved under these allegations, especially given the categories set forth above.   This is the case of an individual employee who claims a private employer did not follow its internal procedures.

The Third Cause of Action is DISMISSED WITH PREJUDICE AND WITHOUT LEAVE TO AMEND.

D.   <u>FOURTH CAUSE OF ACTION FOR VIOLATION OF CIVIL CODE §</u> <u>1714(a)</u>.

The Fourth Cause of Action alleges that "Defendant did not use due care or skill in the management of personnel.   The

10

1  allegations of the aforementioned paragraphs (L-7-28 @ p.3, L-1
2  thru 16 @ pg. 4, L-12 thru 28 @ pg. 5 and L-1 thru 28 @ pg. 6,
3  and L-1-28 @ pg. 7 are re-alleged herein."

4      Defendant asserts that it cannot tell whether the Fourth
5  Claim for Relief is based on negligence or willful misconduct and
6  argues in any event that the FAC does not allege facts supporting
7  either theory.

8      Resolution of this aspect of the motion to dismiss is
9  unnecessary.  The Merced County Superior Court dismissed
10 Plaintiff's negligence causes of action in the Fourth Amended
11 Complaint without leave to amend.  Attached to the Notice of
12 Removal is the Merced County Superior Court order sustaining
13 Defendant's demurrer to the Fourth Amended Complaint, which
14 states: "Defendant's demurrer to Plaintiff's Fourth Amended
15 Complaint is SUSTAINED without leave to amend as to the first and
16 second causes of action."  The First and Second Causes of Action
17 in the Fourth Amended Complaint were for general negligence
18 because of Defendant's alleged failure to comply with the Open
19 Door and Arrested Associates policies.  The dismissal without
20 further leave to amend of Plaintiff's negligence claims by the
21 Merced County Superior Court is law of the case.  *See Redfield v.*
22 *Continental Cas. Co.*, 818 F.2d 596, 605 (7th Cir.1987)(Law of the
23 case doctrine applies to rulings made by state courts prior to
24 removal unless the state court ruling conflicts with the Federal
25 Rules of Civil Procedure); *Pacific Employers Ins. Co. v. Sav-a-*
26 *Lot of Winchester*, 291 F.3d 392, 398 (8th Cir.2002)(same).

1    "The law of the case doctrine is a judicial invention
2    designed to aid in the efficient operation of court affairs."
3    *Milgard Tempering, Inc. v. Selas Corp. of Am.*, 902 F.2d 703, 715
4    (9th Cir.1990).  Under the doctrine, a court is generally
5    precluded from reconsidering an issue previously decided by the
6    same court or a higher court in the identical case.  *Id.*  "For
7    the doctrine to apply, the issue in question must have been
8    'decided explicitly or by necessary implication in [the] previous
9    disposition."  *United States v. Lummi Indians*, 235 F.3d 443, 452
10   (9th Cir.2000).  Application of the doctrine is discretionary.
11   *Id.*  A court abuses its discretion in applying the law of the
12   case doctrine only if (1) the first decision was clearly
13   erroneous; (2) an intervening change in the law occurred; (3) the
14   evidence on remand was substantially different; (4) other changed
15   circumstances exist; or (5) a manifest injustice would otherwise
16   result.  *United States v. Cuddy*, 147 F.3d 1111, 1114 (9th
17   Cir.1998).

18       Here, no showing is made by Plaintiff that application of
19   the law of the case doctrine is an abuse of discretion.  At the
20   hearing, Plaintiff argued that the doctrine should not apply
21   because the Merced County Superior Court dismissed without leave
22   to amend the negligence claims in the Fourth Amended Complaint
23   while, in the Fifth Amended Complaint, his cause of action is
24   based on the alleged violation of Section 1714(a).  Plaintiff's
25   contention is without merit; Section 1714(a) sets forth the
26   statutory definition of negligence.

12

1    The Fourth Cause of Action is DISMISSED WITH PREJUDICE AND

2 WITHOUT LEAVE TO AMEND.

3    E.   SIXTH CAUSE OF ACTION FOR VIOLATION OF CIVIL CODE §

4 1621.

5    The Sixth Cause of Action alleges:

6         The allegations of the aforementioned
          paragraphs L-7 thru 28 @ pg. 3, L-1 thru 16 @
7         pg. 4, L-1 thru 28 @ pg. 5, L-12 thru 28 @
          pg. 6, L-1 thru 28 @ pg. 7, L-9 thru 28 @ pg.
8         8, L-1 thru 27 @ pg. 9 and L-1 thru 28 @ pg.
          10, L-1 thru 28 @ pg. 11 and L-1 thru 10 @
9         pg. 12 are re-alleged and incorporated herein
          by reference.

10
          Plaintiff states that the breach of contract
11        occurring during Plaintiff's previous
          situation regarding arrest and detention is
12        defined under the Determination after
          Adjudication Section in the Arrested
13        Associates Policy ....

14        Plaintiff states that the aforementioned
          guidelines for Determinations after
15        Adjudication were never followed by
          defendant.  Plaintiff states that his adverse
16        circumstances (arrest) activated Defendant's
          Arrested Associates Policy and that Defendant
17        breached implied contract by not initiating
          said policy into Plaintiff's situation.
18        Plaintiff also states that under the totality
          of the Arrested Associates Policy there is no
19        [worded] indication of an at-will provision
          or format to terminating Plaintiff's
20        employment ....

21        Plaintiff states that he had/has undeniable
          proof of his innocence (tapes, documents,
22        witnesses) but was not given the opportunity,
          described under the arrested Associates and
23        Open Door Policies to present said evidence.

24    California Civil Code § 1621 provides that "[a]n implied

25 contract is one, the existence and terms of which are manifested

26 by conduct."  As Defendant notes, the Fifth Cause of Action is

for breach of implied contract and alleges that "Defendant breached Implied Contract Agreement by refusing to adhere to Corporate based policies."  The Sixth Cause of Action is redundant and adds nothing to the Fifth Cause of Action.

The Sixth Cause of Action is DISMISSED AS REDUNDANT TO THE FIFTH CAUSE OF ACTION.[1]

F.   <u>SEVENTH CAUSE OF ACTION FOR TERMINATION OF EMPLOYMENT FOR LAWFUL CONDUCT DURING NON-WORKING HOURS; EIGHTH CAUSE OF ACTION FOR VIOLATION OF LABOR CODE § 96(k)</u>.

The Seventh Cause of Action alleges:

> Plaintiff complains that he was separated from his employment on 1/18/07, for an alleged 3 day no•call/no•show.  Plaintiff states that he was not absent for 3 days nor was there any lack of communication. Plaintiff asserts that he was not involved in any type of unlawful conduct, during his non-working hours, away from Defendant's premises.

> Note: It is unlawful to suspend, demote or discharge an employee for lawful conduct, occurring during non-working hours, away from the employer's premises.  *Ca. Lab. CSect.* [sic] *96(k)*.

> Plaintiff asserts that under *Civ. Code Sect. 96(k)*, there doesn't appear to be any limitation to the definition of 'unlawful conduct.'  Plaintiff informs the reviewing court, that he was notified of his termination, via telephone communication without the opportunity to come in to sign

---

[1]At the hearing, Plaintiff requested leave to amend to include the factual allegations supporting the Sixth Cause of Action with those supporting the Fifth Cause of Action in a single cause of action for breach of one implied contract.  Plaintiff's request to so amend is GRANTED.

1          exit paperwork or to receive Plaintiff's
           'payout.'  Plaintiff was never presented with
2          an explanation or proof, as to the validity
           of the circumstances, representing the exit
3          of his employment.

4      The Eighth Cause of Action for Violation of Labor Code §

5  96(k) merely alleges: "The allegations of paragraphs [sic] 10

6  thru 28 @ pg. 10 are re-alleged."

7      Defendant moves to dismiss the Seventh Cause of Action for

8  lack of a cognizable legal theory.

9      Labor Code § 96(k) provides:

10         The Labor Commissioner and his or her
           deputies and representatives authorized by
11         him or her in writing shall, upon the filing
           of a claim therefore by an employee, or an
12         employee representative authorized in writing
           by an employee, with the Labor Commissioner,
13         take assignments of:

14         ...

15         (k) Claims for loss of wages as the result of
           demotion, suspension, or discharge from
16         employment for lawful conduct occurring
           during nonworking hours away from the
17         employer's premises.

18     In *Grinzi v. San Diego Hospice Corp.*, 120 Cal.App.4th 72

19  (2004), a former employee, who was terminated for membership in a

20  group allegedly engaged in an illegal investment scheme, brought

21  a wrongful termination action against this employer.  The Court

22  of Appeal held that Section 96(k) provides only a procedure under

23  which the Labor Commissioner shall exercise jurisdiction rather

24  than an independent public policy, nor does it create a private

25  right of action.

26     The Seventh and Eighth Causes of Action are DISMISSED WITH

                                15

1  PREJUDICE AND WITHOUT LEAVE TO AMEND.

2      G. **NINTH CAUSE OF ACTION FOR BREACH OF IMPLIED COVENANT OF**

3  **GOOD FAITH AND FAIR DEALING**.

4      Defendants move to dismiss the Ninth Cause of Action, citing

5  *Guz v. Bechtel National, Inc.*, 24 Cal.4th 317, 352-353 (2000):

> A breach of the contract may also constitute
> a breach of the implied covenant of good
> faith and fair dealing.  But insofar as the
> employer's acts are directly actionable as a
> breach of an implied-in-fact contract term, a
> claim that merely realleges that beach as a
> violation of the covenant is superfluous.
> This is because, as we explained at length in
> *Foley*, the remedy for breach of an employment
> agreement, including the covenant of good
> faith and fair dealing implied by law
> therein, is *solely contractual*.  In the
> employment context, an implied covenant
> theory affords no *separate measure of
> recovery*, such as tort damages ...
> Allegations that the breach was wrongful, in
> bad faith, arbitrary, and unfair are
> unavailing; there is no tort of 'bad faith
> breach' of an employment contract.
>
> We adhere to those principles here.  To the
> extent Guz's implied covenant cause of action
> seeks to impose limits on Bechtel's
> termination rights *beyond* those to which the
> parties actually agreed, the claim is
> invalid.  To the extent the implied covenant
> seeks simply to impose terms to which the
> parties *did* agree, it is superfluous.  Guz's
> remedy, if any, for Bechtel's alleged
> violation of its personnel policies depends
> on proof that they were contract terms to
> which the parties actually agreed.  The trial
> court thus properly dismissed the implied
> covenant cause of action.

The Ninth Cause of Action is DISMISSED WITH PREJUDICE AND
WITHOUT LEAVE TO AMEND.

**CONCLUSION**

16

1    For the reasons stated:

2    1.   Defendant's motion to dismiss the Third, Fourth, Sixth,

3    Seventh, Eighth and Ninth Causes of Action is GRANTED; these

4    causes of action are DISMISSED WITH PREJUDICE AND WITHOUT LEAVE

5    TO AMEND;

6    2.   Counsel for Defendant shall prepare and lodge a form of

7    order consistent with this Memorandum Decision within five (5)

8    court days of service of this Memorandum Decision;

9    4.   Plaintiff shall file a Sixth Amended Complaint

10   consistent with the Order within twenty (20) days of the filing

11   date of the Order.

12   IT IS SO ORDERED.

13   Dated: __June 23, 2009__                    ____/s/ Oliver W. Wanger____
                                                  UNITED STATES DISTRICT JUDGE

17