**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WAYNE NEWSON, | 1:09-cv-0663 OWW GSA |
| Plaintiff, | ORDER AFTER SCHEDULING CONFERENCE |
| v. | |
| WAL-MART STORES, INC., | |
| Defendant. | |

**I.   Date of Scheduling Conference.**

August 5, 2009.

**II.  Appearances Of Counsel.**

Wayne E. Newson appeared in pro se.

Phillips, Spallas & Angstadt LLP by Sweta H. Patel, Esq., appeared on behalf of Defendant.

**III. Summary of Pleadings.**

1.   Plaintiff Wayne Newson is a former Associate from Wal-Mart Store #2039 in Merced, California.  Plaintiff contends that he was wrongfully terminated because Defendant allegedly failed to follow its internal policies regarding the termination of arrested associates.  Plaintiff alleges that his fourteen-year employment history, good performance evaluations, promotions,

raises, and the policies created an implied contract for future employment.  Defendant contends that Plaintiff was an at will employee pursuant to California Labor Code § 2992, therefore Plaintiff could have been terminated by Defendant at any time with or without cause.

2.   On June 22, 2009, the Court heard Defendant's Motion to Dismiss certain causes of action in Plaintiff's Fifth Amended Complaint.  The Court dismissed all of Plaintiff's causes of action with prejudice and without leave to amend, except for Plaintiff's fifth cause of action for breach of implied contract.

3.   On July 24, 2009, Defendant was served with a Notice of Appeal to a Court of Appeals from a Judgment or Order of a District Court.  Plaintiff is appealing this Court's order granting Defendant's Motion to Dismiss on June 22, 2009.  As such, the parties request this proceeding be stayed until the appeal is resolved.  The discovery and motion deadlines discussed below are likely to change depending on the outcome of the appeal.

4.   On or about April 29, 2008, Plaintiff filed this action in the Superior Court of the State of California in and for the County of Merced.  Defendant Wal-Mart was improperly served on or about April 29, 2008.  On or about June 13, 2008, Plaintiff filed a First Amended Complaint.  Defendant Wal-Mart was properly served on or about June 16, 2008, through its registered agent with a copy of the Summons and First Amended Complaint.  Plaintiff has not yet identified or served any additional defendants.

*///*

**1**        <u>Procedural Background</u>

**2**        5.   Following several demurrers by Defendant and Amended
**3**   Complaints by Plaintiff, Plaintiff filed a Fifth Amended
**4**   Complaint on or about March 9, 2009.  On or about April 10, 2009,
**5**   Defendant removed this action pursuant to the provisions of 28
**6**   U.S.C. § 1441(b) to the United States District Court, Eastern
**7**   District of California.

**8**   IV.   Orders Re Amendments To Pleadings.

**9**        1.   The parties do not presently contemplate amending
**10**  the pleadings.

**11**  V.    Factual Summary.

**12**       A.   Admitted Facts Which Are Deemed Proven Without Further
**13**  Proceedings.

**14**            1.   Wayne Newson is an individual resident of the
**15**  Eastern District of California and a citizen of the United
**16**  States.

**17**            2.   Wal-Mart Stores, Inc., is a corporation
**18**  incorporated under the laws of the State of Delaware, with its
**19**  principal place of business in the State of Arkansas.

**20**            3.   The amount in controversy in this case exceeds the
**21**  sum of $75,000 exclusive of interest and costs.

**22**            4.   Mr. Newson was employed at Wal-Mart Store #2039 in
**23**  Merced, California.

**24**            5.   Plaintiff was employed by Wal-Mart as an associate
**25**  from September 12, 1993 through September 24, 2002; October 13,
**26**  2003 through December 26, 2003, and April 19, 2004 through
**27**  January 18, 2007.

**28**  ///

    B.    Contested Facts.

        1.    Whether an implied contract existed between Plaintiff and Defendant that was terminable only for cause.

        2.    Whether or not Defendant breached any implied employment contract, if one existed.

        3.    All remaining facts are disputed.

VI. Legal Issues.

    A.    Uncontested.

        1.    Jurisdiction exists under 28 U.S.C. § 1332 based on diversity of citizenship.

        2.    Venue is proper under 28 U.S.C. § 1391.

        3.    The parties agree the substantive law of the State of California provides the rule of decision in this diversity action.

    B.    Contested.

        1.    All remaining legal issues are contested.

VII. Further Status Conference.

    1.    Because the case is pending before the Court of Appeals for the Ninth Circuit, the parties believe it would be most efficient for the parties and the Court if the Court of Appeals makes its decision before this case proceeds.

    2.    Accordingly, the parties shall notify the Court within five (5) days following the issuance of a decision by the Court of Appeal.

    3.    Depending upon the outcome of the appeal, the parties

///
///
///

**shall arrange through the Courtroom Deputy Clerk for the setting of a Further Scheduling Conference in this case.**

IT IS SO ORDERED.

Dated:   August 7, 2009              /s/ Oliver W. Wanger
                                    UNITED STATES DISTRICT JUDGE