IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE NEWSON,<br><br>        Plaintiff,<br><br>   vs.<br><br>WAL-MART STORES, INC.,<br><br>        Defendant. | No. CV-F-09-663 OWW/GSA<br><br>MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION TO FILE SIXTH AMENDED COMPLAINT (Doc. 37) |

On November 16, 2009, Plaintiff Wayne Newson, proceeding *in pro per*, filed a motion for leave to file a Sixth Amended Complaint (SAC).

On April 28, 2008, Plaintiff filed a Complaint against Defendant Wal-Mart Stores, Inc. in the Merced County Superior Court. On March 9, 2009, pursuant to state court order, Plaintiff filed a Fifth Amended Complaint. Defendant removed the action to this Court on April 11, 2009, on the ground of diversity of citizenship. Defendant moved to dismiss the Fifth Amended Complaint. Plaintiff did not file a written opposition

1

to the motion to dismiss, but did appear at the hearing. By Memorandum Decision and Order filed on June 23, 2009, (Doc. 13, June 23 Memorandum Decision), the Third Cause of Action for wrongful termination in violation of public policy, the Fourth Cause of Action for violation of California Civil Code § 1714(a), the Seventh Cause of Action for termination of employment for lawful conduct during non-working hours, the Eighth Cause of Action for violation of California Labor Code § 96(k), and the Ninth Cause of Action for breach of the implied covenant of good faith and fair dealing were dismissed with prejudice and without leave to amend. The Sixth Cause of Action for violation of California Civil Code § 1621 was dismissed as redundant to the Fifth Cause of Action for breach of implied contract; however, the June 23 Memorandum Decision noted:

> At the hearing, Plaintiff requested leave to amend to include the factual allegations supporting the Sixth Cause of Action with those supporting the Fifth Cause of Action in a single cause of action for breach of one implied contract. Plaintiff's request to so amend is GRANTED.

Defendant lodged a proposed Order pursuant to the June 23 Memorandum Decision on June 24, 2009 (Doc. 14). By Minute Order filed on July 10, 2009, Courtroom Deputy Timken advised that Defendant failed to send the proposed Order to Judge Wanger's order box so that it could be signed and directing Defendant to submit the proposed Order in Word or WordPerfect format to [owworders@caed.uscourts.gov.](mailto:owworders@caed.uscourts.gov) There is nothing on the docket indicating that Defendant complied with the July 10, 2009 minute

order.  On July 22, 2009, Defendant filed an Answer to the Fifth Amended Complaint.  (Doc. 16).  On July 23, 2009, Plaintiff filed a Notice of Appeal by which he appealed the June 23 Memorandum Decision to the Ninth Circuit.  (Doc. 17).  By Order filed on September 15, 2009, the Ninth Circuit dismissed Plaintiff's appeal for lack of jurisdiction.  (Doc. 24).  By Minute Order filed on September 16, 2009, a scheduling conference was ordered for October 1, 2009.  On September 29, 2009, Defendant filed a scheduling report, (Doc. 26), noting that Plaintiff failed to respond to Defendant's efforts to meet and confer to prepare and submit a Joint Report.  Because no appearance was made by Plaintiff at the scheduling conference, an Order to Show Cause was filed, directing Plaintiff to appear on November 2, 2009 and show cause why this action should not be dismissed for failure to prosecute and to obey court orders.  (Doc. 28) On October 10, 2009, Plaintiff filed a Notice of Change of Address, advising that his address had changed as of September 1, 2009.  (Doc. 30).  Plaintiff was re-served with the Order to Show Cause on October 8, 2009.  By Minute Order filed on November 2, 2009, the Order to Show Cause was discharged for reasons stated on the record.  On November 2, 2009, Plaintiff filed a motion for permission to file a Sixth Amended Complaint, (Doc. 34), and lodged a proposed Sixth Amended Complaint, (Doc. 35).  Because Plaintiff is *in pro per*, the proposed Sixth Amended Complaint is filed in paper and the docket only sets forth the first page.  Plaintiff's motion was not noticed for hearing.  Because Plaintiff asserted that he

3

has added an additional cause of action for willful misconduct, for which leave to amend had not been granted, by Order filed on November 6, 2009, Plaintiff was directed to file and serve a notice of motion as to his motion to file the Sixth Amended Complaint.  (Doc. 36).

Defendant argues that Plaintiff's motion should be denied as untimely because Plaintiff did not file his Sixth Amended Complaint by July 13, 2009, "as ordered by the Court."

However, as noted, because Defendant did not submit the Order granting the motion to dismiss the Fifth Amended Complaint with leave to amend, the Court never signed, filed or served Defendant's proposed Order containing the July 13, 2009 filing date.  Plaintiff asserts that he checked with the Clerk's Office and was told that no Order had been filed.

Although Plaintiff has not acted expeditiously in the prosecution of this action, Defendant's failure to comply with Court procedures for lodging orders for review and signature, even after being advised to do so by the Courtroom Deputy, negates any claim that Plaintiff's motion is untimely.  Defendant is more responsible for the present circumstances.

Rule 15(a), Federal Rules of Civil Procedure, provides that "leave [to amend] shall be freely given when justice so requires."  "The purpose of pleading is 'to facilitate a proper decision on the merits' ... and not erect formal and burdensome impediments to the litigation process.  Unless undue prejudice to the opposing party will result, a trial judge should ordinarily

4

permit a party to amend its complaint." *Howey v. United States*, 481 F.2d 1187, 1990 (1973). However, "[t]his strong policy toward permitting the amendment of pleadings ... must be tempered with considerations of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.' *Foman v. Davis*, 371 U.S. 178, 182 ... (1962)." *Schlacter-Jones v. General Telephone of California*, 936 F.2d 435, 443 (9th Cir. 1991). "These factors, however, are not of equal weight in that delay, by itself, is insufficient to justify denial of leave to amend." *DCD Programs*, 833 F.2d at 186; *see also Jones*, 127 F.3d at 847 n.8. "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight ... Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir.2003). "The party opposing leave to amend bears the burden of showing prejudice." *Serpra v. SBC Telecommunications, Inc.*, 318 F.Supp.2d 865, 870 (N.D.Cal.2004).

Defendant argues that leave to amend to add the cause of action for willful misconduct on the grounds that delay in asserting this cause of action will prejudice Defendant, the amendment is legally futile, and Plaintiff failed to comply with the Local Rules of Practice.

Before discussing the merits of Plaintiff's motion, it is noted that the proposed Sixth Amended Complaint contains citations of authority, a section captioned "Defendant's Argument," and a memorandum of points and authorities, all in violation of Rule 8, Federal Rules of Civil Procedure. The June 23 Memorandum Decision specifically stated:

> Plaintiff did not file a written opposition to the motion to dismiss as required by Rule 78-230(b), Local Rules of Practice. Plaintiff appeared at oral argument, stating that his economic situation prevented him from filing a timely opposition. Plaintiff is advised that Rule 83-183(a), Local Rules of Practice, provides:
>
>> Any individual representing himself ... without an attorney is bound by the Federal Rules of Civil ... Procedure and by these Local Rules. All obligations placed on 'counsel' by these Local Rules apply to individuals appearing <u>in propria persona</u>. Failure to comply therewith may be ground for dismissal ... or any other sanction appropriate under these Rules.
>
> Because Plaintiff is granted leave to file a Sixth Amended Complaint, *see discussion infra*, Plaintiff is advised that Rule 8(a)(2), Federal Rules of Civil Procedure, requires that a pleading set forth a short and plain statement of the claim showing that the pleader is entitled to relief. Under Rule 8(a)(2), a pleading must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). A complaint that is verbose, conclusory and confusing does not comply with Rule 8(a)(2). *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). Plaintiff must allege only those *facts* which are necessary to allege the required elements of the claims for relief he is alleging

>                    against the Defendant; narrative, background
>                    non-essential evidentiary allegations or
>                    citations to or quotations from statutes or
>                    cases are not authorized. Claims dismissed
>                    without leave to amend cannot be reasserted
>                    in the Sixth Amended Complaint.

As Defendant notes, Plaintiff has been provided with five opportunities to amend his complaint and state a proper cause of action. Defendant asserts that, "[a]t this point Plaintiff must be required to proceed with the remaining fifth cause of action in the Fifth Amended Complaint so that the parties can began [sic] moving towards a resolution in this case." Defendant cites *In re Fritz Companies Securities Litigation*, 282 F.Supp.2d 1105, 1109 (N.D.Cal.2003): "District court's discretion over an amendment is 'especially broad' where the court has already given plaintiff one or more opportunities to amend the complaint." *See also Chodos v. West Publishing Co.*, 292 F.3d 992, 1003 (9th Cir.2002):

>               Here, Chodos sought leave to amend his
>               previously amended complaint to add a claim
>               of fraud against West, contending that he had
>               learned new facts that supported that claim
>               shortly before the close of discovery. The
>               district court denied the motion, finding
>               that those 'new' facts had been available to
>               Chodos even before the first amendment to his
>               complaint. Given this finding, the district
>               court's conclusion that the motion to amend
>               was made after undue delay did not constitute
>               an abuse of discretion.

Defendant argues:

>               If any additional facts are included in the
>               proposed Sixth Amended Complaint, Defendant
>               maintains that such facts were well known to
>               Plaintiff when the six [sic] prior complaints
>               were filed as the breach of implied contract

7

> cause of action is based on facts that occurred no later than January 2007, which is three years ago.

As to the proposed cause of action for willful misconduct, Defendant contends:

> Plaintiff asserted causes of action for intentional tort in the Second and Third Amended Complaints and possibly also the Fifth Amended Complaint, however, never specifically alleged willful misconduct. Despite not asserting willful misconduct in the previously six [sic] filed complaints, Plaintiff now seeks to allege this seemingly new cause of action ... When the Court granted Plaintiff leave to amend on June 23, 2009, it was for the limited purpose of including the factual allegations 'supporting the Sixth Cause of Action with those supporting the Fifth Cause of Action in a single cause of action for breach of one implied contract.' ... Moreover, the facts asserted in support of the willful misconduct cause of action were well known to Plaintiff when the prior six [sic] complaints and more than fourteen causes of action were filed as the facts occurred no later than January 2007.

Defendant asserts that the proposed amendment is futile because the only obvious addition from the Fifth Cause of Action in the Fifth Amended Complaint to Plaintiff's cause of action for breach of implied contract in the proposed Sixth Amended Complaint is that Plaintiff quotes from the Arrested Associates Policy, which is unnecessary because the Arrested Associates Policy was attached as an exhibit to the Fifth Amended Complaint. Defendant further argues that the cause of action for willful misconduct "fails to allege a cognizable legal theory ... Willful misconduct in and of itself is not a valid cause of action and

8

Plaintiff fails to cite a statute which would support such a cause of action."

Defendant's contention is well-taken. There is no tort recovery for breach of an implied employment contract. As explained in Guz v. Bechtel National, Inc., 24 Cal. 4th 317, 352353 (2000):

> [A]s we explained in *Foley*, the remedy for breach of an employment agreement, including the covenant of good faith and fair dealing implied by law therein, is *solely contractual*.

Therefore, Plaintiff's allegations in the Second Cause of Action add nothing to this action and is futile.

In addition, as Defendant notes, Plaintiff failed to comply with the Local Rules of Practice. A copy of the proposed Sixth Amended Complaint was not attached to Plaintiff's motion as required by the rules (although a copy was lodged, but because Plaintiff is *in pro per*, only the first page was scanned and the original has been lost; the copy submitted with this memorandum was obtained by Defendant. Further, Plaintiff failed to lodge a proposed order granting the motion to amend. Although these deficiencies would not require denial of Plaintiff's motion, they are yet another example of Plaintiff's continued unwillingness to comply with the Local Rules of Practice.

In any event, at the hearing, Plaintiff withdrew his motion to file the proposed Sixth Amended Complaint and stated that he elected to proceed in this action pursuant to the Fifth Amended Complaint, to which Defendant has filed an Answer.

**For the reasons stated in open court at the hearing and in this Memorandum Decision and Order, Plaintiff's motion to file the Sixth Amended Complaint is DENIED.  Pursuant to Plaintiff's statement at the hearing and in accordance with the June 23, 2009 Memorandum Decision, the parties shall proceed to litigate this action solely as to the Fifth Cause of Action for breach of implied contract in the Fifth Amended Complaint filed on April 28, 2008 in the Merced County Superior Court and removed to this Court on April 10, 2009.**

IT IS SO ORDERED.

**Dated:     April 20, 2010**                          /s/ Oliver W. Wanger
                                             UNITED STATES DISTRICT JUDGE