# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE ELDERWIN NEWSON,<br><br>        Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC.,<br><br>        Defendant. | 1:09-cv-663 OWW GSA<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION TO QUASH OR LIMIT DEPOSITION SUBPOENA<br><br>ORDER MODIFYING SUBPOENA ISSUED MAY 26, 2010<br><br>ORDER DENYING REQUEST FOR MONETARY SANCTIONS<br><br>(Docs. 58-59 & 66-68) |

On June 15, 2010, Plaintiff, appearing pro se, filed a motion to quash or limit a deposition subpoena directed to his previous employer, seeking employment records. (*See* Docs. 58-59.) On June 16, 2010, this Court set the motion for hearing on July 23, 2010, at 9:30 a.m. in Courtroom 10. (Doc. 61.) On July 6, 2010, Defendant Wal-Mart Stores, Inc. filed its opposition to Plaintiff's motion. (Doc. 64.)

On July 20, 2010, this Court determined the matter was suitable for decision without oral argument pursuant to Local Rule 230(g). Therefore, the matter was taken off calendar and submitted for written decision. (Doc. 65.)

On July 22, 2010, Plaintiff filed an "amended" motion and supporting documents, as well as a request for monetary sanctions. (Docs. 66-68.) This Court construes both the "amended"

motion and "amended" separate statement of issues to be Plaintiff's reply to Defendant's opposition.

For the reasons that follow, Plaintiffs motion to quash or limit the deposition is GRANTED IN PART and the subpoena issued May 26, 2010, is MODIFIED. Additionally, Plaintiff's request for monetary sanctions is DENIED.

## DISCUSSION

**A.     *Plaintiff's Motion to Quash the Deposition Subpoena***

     **1.     The Parties' Positions**

Plaintiff has filed a number of documents relating to his efforts to quash or limit the deposition subpoena directed by Defendant Wal-Mart Stores, Inc. to the University of California at Santa Cruz ("UCSC"). In large part, Plaintiff relies upon California statutory authority in support of his argument that his personnel file maintained by the UCSC "antedates the commencement of this civil action by a span of more then [*sic*] 13 years and is *not* a relevant issue in this litigation." (Doc. 58 at 3, emphasis in original.) Plaintiff asserts the subpoena amounts to "an unwarranted invasion of Plaintiff's privacy" and that the subpoena fails to adequately describe the documents demanded therein. (Doc. 58 at 4-6.) In his separate statement of issues, Plaintiff further contends his employment records with the UCSC are not discoverable because he has a constitutional right to privacy pursuant to Article 1 of the California Constitution, and because the information "is irrelevant" to this litigation. (Doc. 59.)

Defendant opposes Plaintiff's motion. Defendant explains it issued the subpoena for Plaintiff's employment records with the UCSC following Plaintiff's deposition testimony wherein Plaintiff indicated he was employed there from January 25, 2010, to February 5, 2010. Plaintiff testified that his employment with UCSC was terminated because he failed to disclose criminal history information on his employment application. (Doc. 64 at 2.)

The May 11, 2010, subpoena requested as follows:

> Any and all records, including, but not limited to, employment records, background checks, wage records, personnel records, attendance records, employment applications, W-2's, W-4's, contracts, 1099's, resumes, payroll records, vacation schedule, sick leave, benefits, evaluations and any other records, including, but not limited to any employment of Wayne Newson . . . .

(Doc. 64, Patel Decl., Ex. A.)  Unbeknownst to counsel for Defendant, the company it employed to subpoena these records, US Legal Support, Inc., issued an amended subpoena on May 26, 2010, that differed from the original subpoena; it requested "Any and all records and documents pertaining to Wayne Newson." (*See* Doc. 64, Patel Decl., Exs. B & C.)  In response to a June 10, 2010, email objection by Plaintiff[1] and request to exclude documents regarding his criminal background from the May 26, 2010, subpoena, defense counsel advised Plaintiff, via email the following day, of her intention to withdraw the amended subpoena. (Doc. 64 at 3.)  Defense counsel however was unable to withdraw the amended subpoena in favor of the original subpoena, and thus, on June 16, 2010, counsel advised Plaintiff in an email that Defendant would "not limit its subpoena and explained that it was entitled to documents from the criminal background check because Plaintiff contends he was terminated due to the contents of the background check."  Defendant further contends the information may be relevant to Plaintiff's credibility. (Doc. 64 at 3, Patel Decl. ¶¶ 6-9.)

## 2. Analysis

The purpose of discovery is to make trial "less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent possible." *United States v. Procter & Gamble*, 356 U.S. 677, 683 (1958).  Discovery will also serve to narrow and clarify the issues in dispute. *Hickman v. Taylor*, 329 U.S. 495, 501 (1947).

Rule 26(b) of the Federal Rules of Civil Procedure establishes the scope of discovery and states in pertinent part:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

"The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Oakes v.*

---

[1] Plaintiff did not lodge any objection to the original May 11, 2010, deposition subpoena.

1  *Halvorsen Marine Ltd.*, 179 F.R.D. 281, 283 (C.D. Cal. 1998); *Nestle Foods Corp. v. Aetna*
2  *Casualty & Surety Co.*, 135 F.R.D. 101, 104 (D. N.J. 1990).

### a.     Relevance

Plaintiff asserts the information sought is irrelevant. (Doc. 58 at 4 & Doc. 66 at 2.) Defendant contends the information is indeed relevant, particularly where Plaintiff testified he was termination from his employment with UCSC due to his criminal background. Defendant further contends the information is relevant for purposes of damages, credibility and impeachment. (Doc. 64 at 5.)

"'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 410.

Here, information concerning Plaintiff's termination from subsequent employment, particularly where the reason for such termination may involve the related issue of Plaintiff's criminal history, is relevant. In other words, that information may be "of consequence to the determination" of this action. Plaintiff has not met his burden in objecting to the requested discovery. *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. at 283.

### b.     Plaintiff's Right of Privacy

Although Plaintiff alleges a privacy privilege, that right is not absolute. Privacy rights are generally recognized by federal courts. *Johnson v. Thompson*, 971 F. 2d 1487, 1497 (10th Cir. 1992); *DeMasi v. Weiss*, 669 F. 2d 114, 119-120 (3rd Cir. 1982). In a federal action based on diversity of citizenship, state law governs privilege claims. Fed. R. Evid. 501; *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. at 284. Article 1, Section 1 of the California Constitution recognizes an individual's right to privacy. However, the right is not absolute but may be subject to invasion depending on the circumstances. *Hill v. National Collegiate Athletic Ass'n*, 7 Cal.4th 1, 37, 26 Cal.Rptr.2d 834, 857 (1994). To evaluate privacy objections under either federal or state law, the Court must balance the party's need for the information against the individual's privacy rights. *Thierno v. Rite Aid Corp.*, 2008 WL 3287035 (N.D. Cal. 2008), citing *Ragge v. MCA/Universal*, 165 F.R.D. 601, 604 (C.D. Cal. 1995); *see also Davis v. Leal*, 43 F. Supp. 2d

1102, 1110 (E.D. Cal. 1999) (California right to privacy is subject to a balancing of the needs of the litigation with the sensitivity of the information/records sought).

Here, balancing Defendant's need for the information it seeks against Plaintiff's individual privacy rights tips in Defendant's favor.  Plaintiff's suit concerns his previous employment at Wal-Mart, and more particularly, his termination following incarceration for a parole violation.  Plaintiff's subsequent employment at UCSC involving a termination for Plaintiff's purported failure to disclose his criminal background on an employment application is relevant to this litigation, particularly with regard to damages, credibility and impeachment.  Thus, this information is relevant to both Plaintiff's claims and Wal-Mart's defenses to Plaintiff's claims.

**c.    Records to be Released**

Plaintiff complains the deposition subpoena "fails to specifically describe any individual item or reasonably particularize any category of items to be procedure," and is therefore improper.  (Doc. 59 at 3 & Doc. 66 at 4.)  Defendant contends that UCSC has not objected to the subpoena on this basis or that it imposes an undue burden, and asserts because Plaintiff "only worked at [UCSC] from January 25, 2010 to February 5, 2010, the records are limited to a reasonable time period."  (Doc. 64 at 6.)

Rule 45 of the Federal Rules of Civil Procedure provides, in pertinent part, that every subpoena must

> command each person to whom it is directed to do the following at a specified time and place: attend and testify; *produce designated documents, electronically stored information, or tangible things in that person's possession, custody or control*; or permit the inspection of premises . . ..

(Emphasis added.)  The Court is not persuaded by Defendant's contention that because UCSC did not object and because the time period involved is short, the subpoena is specific enough.  The May 11, 2010, subpoena is more specific than that issued May 26, 2010, and yet, the Court would limit the subpoena further.  While the initial subpoena is preferred over the latter, the Court will exclude attendance records, W-2's, W-4's, contracts, 1099's, payroll records, vacation

schedule, sick leave, and benefit information because that documentation does not pertain to a failure to disclosure criminal history information.

**B.    *Request for Monetary Sanctions***

On July 22, 2010, one day prior to the hearing on Plaintiff's motion to quash or limit the deposition subpoena, and after this Court issued its minute order taking the motion off calendar and under submission[2], Plaintiff filed a request for monetary sanctions as against defense counsel in the sum of $150.00. Plaintiff relies upon the California Code of Civil Procedure as authority for his request, and references Rule 37(a)(4) of the Federal Rules of Civil Procedure.

First, the request is clearly untimely. Plaintiff waited until after the Court had taken his motion under submission to file the instant request.

Even assuming Plaintiff's request was timely, no sanction would be imposed or ordered as requested because there has been no abuse the discovery process. For the reasons discussed above, Defendant's deposition subpoena, if modified , is permissible. Plaintiff is advised that federal civil procedure rules apply in this proceeding. Moreover, Rule 37(a)(4) - relied on by Plaintiff at page two of his request (Doc. 68) - provides as follows: "***Evasive or Incomplete Disclosure, Answer, or Response.*** For purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Even if Plaintiff's statement at page two of his request were accurate - that an award of expenses is proper to the prevailing party of a motion for an order compelling discovery - Plaintiff has not moved to compel discovery.

**CONCLUSION AND ORDER**

Based on the foregoing, Plaintiff's motion to quash the deposition subpoena is GRANTED IN PART. Accordingly, IT IS HEREBY ORDERED that:

1.    The May 26, 2010, subpoena directed to UCSC is modified to permit production of the following items:

---

[2] On July 20, 2010, Plaintiff was served with this Court's minute order via U.S. Mail and was also advised of same via telephone.

6

Any and all records, including, but not limited to, employment records, background checks, wage records, personnel records, employment applications, resumes, and evaluations regarding the employment of Wayne Newson;

2. Defendant shall serve this Order on UCSC within five (5) days of the date of service of this order;

3. UCSC shall respond to the subpoena, as modified herein, no later than ten (10) days following receipt of service of this Order; and finally,

4. Plaintiff's request for monetary sanctions is DENIED.

IT IS SO ORDERED.

Dated:   **August 22, 2010**                    **/s/ Gary S. Austin**
                                                 UNITED STATES MAGISTRATE JUDGE